101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John J. MCCARTHY, Plaintiff-Appellant,
v.
Francis TETA, Director of Classification, Defendant-Appellee.
 No. 95-2090.
 United States Court of Appeals, Second Circuit.
 March 14, 1996.
 
 APPEARING FOR APPELLANT: John J. McCarthy, pro se, Suffield, CT.
 APPEARING FOR APPELLEE: Steven R. Strom, Assistant Attorney General, Hartford, CT.
 D.Conn.
 AFFIRMED.
 Before LUMBARD, MINER and JACOBS, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was submitted.
 Plaintiff-appellant John J. McCarthy, pro se and incarcerated, appeals from a judgment of the United States District Court for the District of Connecticut (Daly, J.), dismissing his 42 U.S.C. § 1983 complaint.
 
 
 1
 On January 31, 1995, McCarthy filed the instant complaint against defendant-appellee Francis Teta, the Director of Inmate Classification for the Connecticut Department of Corrections. According to his complaint, McCarthy at the time of filing was a state prisoner in the Restrictive Housing Unit at the Walker Special Management Unit in Suffield, Connecticut. He suffered from degenerative disc disease and poor psychiatric health. These conditions were exacerbated, and his physical and mental well-being were impaired, by his confinement in this maximum security unit. McCarthy asserts that he was required to wear painful shackles and handcuffs, and he could not have recreation or obtain physical therapy for his disc disease. He repeatedly was troubled by noise and harassment from prison guards. To obtain "a fresh start" and needed medical and psychiatric care, McCarthy requested to be transferred to a prison in another state under the "New England Compact" or 18 U.S.C. § 5003 (allowing the Director of the federal Bureau of Prisons to contract with states for the custody of state prisoners). Teta denied this request and advised McCarthy that he would remain in special restrictive housing "indefinite[ly]."
 
 
 2
 McCarthy alleged that Teta's refusal to grant his transfer request violated his Fourteenth Amendment rights and constituted retaliation against McCarthy for his filing of grievances. McCarthy argued that Teta's action violated the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. He requested declaratory and injunctive relief, and monetary damages.
 
 
 3
 The district court dismissed McCarthy's complaint without awaiting a response from Teta. The court provided the following reason for its dismissal:
 
 
 4
 The plaintiff's claims regarding his placement in administrative segregation housing have been and continue to be the subject of his lawsuit in McCarthy v. Meachum, 3:94CV00238 (TFGD) (Motions for Preliminary Injunction and Temporary Restraining Order--Docket Numbers 13 and 18). The Court will not revisit this claim in a new lawsuit.
 
 
 5
 Judgment was entered on February 10, 1995. On this appeal, McCarthy challenges the district court's dismissal of his claims under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.
 
 
 6
 The district court erred in dismissing McCarthy's complaint based on other litigation concerning his placement in administrative segregation. The gravamen of McCarthy's complaint is that Teta improperly denied his request for a prison transfer, an issue distinct from his administrative segregation status. Therefore, the present complaint was neither barred by, nor duplicative of, that other litigation.
 
 
 7
 Teta's argument that McCarthy's complaint is duplicative of an action in which McCarthy requested a transfer to the Federal Bureau of Prisons is also incorrect. McCarthy's previous action was a petition for a writ of habeas corpus, in which McCarthy alleged that he was entitled to a transfer to federal custody because he was to serve a federal sentence. The district court rejected this argument, finding that the State of Connecticut retained primary jurisdiction over McCarthy. McCarthy v. Benwell, No. 3:94CV00859, slip op. at 3-4 (D.Conn. Jul. 29, 1994), appeal dismissed, No. 94-2446 (2d Cir. Mar. 24, 1995). In contrast, in the present case, McCarthy applied to Teta for a transfer to a state or federal prison under the New England Interstate Corrections Compact or 18 U.S.C. § 5003 and challenged the denial of his request under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. As the instant claim does not present the same issues of fact or law considered in McCarthy v. Benwell, the complaint is not barred by res judicata or collateral estoppel. See Allen v. McCurry, 449 U.S. 90, 94 (1980).
 
 
 8
 Although McCarthy's claim is not precluded, we nonetheless affirm the district court's dismissal because McCarthy's complaint has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). To support a claim under the Equal Protection Clause, McCarthy must demonstrate that the challenged decision was made "at least in part because of ... its adverse effects upon an identifiable group." Massachusetts v. Feeney, 442 U.S. 256, 279 (1979) (quotations omitted). As McCarthy has not alleged discrimination against any particular group, and only has suggested that Teta treated him differently from others placed in administrative segregation, he has failed to show that his equal protection rights were violated.
 
 
 9
 McCarthy's due process claim fails because he does not have a liberty interest in a transfer to a federal prison or a different state prison system. Prison transfers do not implicate a liberty interest in the absence of state law suggesting otherwise. Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983). Denials of transfer requests logically do not involve greater rights under the federal Due Process Clause. See Meachum v. Fano, 427 U.S. 215, 224 (1976). Neither the New England Interstate Compact nor 18 U.S.C. § 5003 bestows a liberty interest on McCarthy. Moreover, a denial of a transfer request does not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Accordingly, McCarthy's due process claim is without merit.